COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                SUPREME JUDICIAL COURT
                                            FOR SUFFOLK COUNTY
                                            NO:  BD-2011-060

IN RE: Edward W. Vincent, Jr.

ORDER OF IMMEDIATE TEMPORARY SUSPENSION

This matter came before the Court, Spina, J., on a Petition for Temporary Suspension pursuant to S.J.C. Rule 4:01, sec. 12A filed by Bar Counsel June 27, 2011.  The parties having waived hearing and having assented to an order of temporary suspension,

It is ORDERED that:

1.   Edward W. Vincent, Jr. is temporarily suspended from the practice of law in the Commonwealth pending further order of the Court effective immediately upon the entry of this Order.

It is FURTHER ORDERED that:

2.   Within fourteen (14) days of the date of entry of this Order, the lawyer shall:

a)   file a notice of withdrawal as of the effective date of the temporary suspension with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and

2(d) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

b)   resign as of the effective date of the temporary suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c)   provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been temporarily suspended; that he is disqualified from acting as a lawyer after the effective date of the temporary suspension; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

d)   provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that the lawyer has been temporarily suspended and, as a consequence, is disqualified from acting as a lawyer after

the effective date of the temporary suspension;

    e)   make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or other property;

    f)   refund any part of any fees paid in advance that have not been earned; and

    g)   close every IOLTA, client, trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

    3.   Within twenty-one (21) days after the date of entry of this Order, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order and with bar disciplinary rules. Appended to the affidavit of compliance shall be:

    a)   a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent, and all return receipts or returned mail received up to the

date of the affidavit.  Supplemental affidavits shall be
filed covering subsequent return receipts and returned
mail.  Such names and addresses of clients shall remain
confidential unless otherwise requested in writing by the
lawyer or ordered by the court;

b)  a schedule showing the location, title and account
number of every bank account designated as an IOLTA,
client, trust or other fiduciary account and of every
account in which the lawyer holds or held as of the entry
date of this Order any client, trust or fiduciary funds;

c)  a schedule describing the lawyer's disposition of
all client and fiduciary funds in the lawyer's possession,
custody or control as of the entry date of this Order or
thereafter;

d)  such proof of the proper distribution of such
funds and the closing of such accounts as has been
requested by the bar counsel, including copies of checks
and other instruments;

e)  a list of all other state, federal and
administrative jurisdictions to which the lawyer is
admitted to practice; and

f)  the residence or other street address where
communications to the lawyer may thereafter be directed.
The lawyer shall retain copies of all notices sent and shall

maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, Section 17.

4. Within twenty-one (21) days after the entry date of this Order, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

a) a copy of the affidavit of compliance required by paragraph 3 of this Order;

b) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

c) the residence or other street address where communications to the lawyer may thereafter be directed.

By the Court, (Spina, J.)

Maura S. Doyle, Clerk

Entered: July 7, 2011

A True Copy

Attest:

7/7/11
Date

Assistant Clerk